[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11494
Non-Argument Calendar

_____

D.C. Docket No. 00-10015-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR CHISHOLM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 14, 2005)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Omar Chisholm appeals his conviction and seventy-eight month sentence for conspiring to possess marijuana with the intent to distribute it while aboard a vessel within the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g) & (j) and 21 U.S.C. § 960(b)(2). We affirm.

**I.**

The United States Coast Guard regularly patrols the waterway between Cuba and Haiti, named Windward Passage, which is known as a drug smuggling route for small speed boats coming from Colombia or Jamaica to Miami. These smuggling boats are often overloaded with gasoline for the long journey, causing them to capsize.

While patrolling the Passage on July 19, 2000, a Coast Guard Falcon jet spotted an overturned speed boat with three people, including Chisholm, clinging to the remains and debris strewn about. The pilot called in the emergency to a Coast Guard helicopter in the area. The helicopter, in turn, arranged for a nearby civilian ship to rescue the three capsized sailors.

In the meantime, the helicopter marked the debris area, which at that point was anywhere from fifty to 1000 yards north of the overturned boat, and began to investigate. Among the debris were plastic garbage bags filled with marijuana and large steel drums of gasoline.

A Coast Guard cutter then picked up the three shipwrecked boat mates from the civilian ship and put them under arrest for smuggling drugs. The three were indicted for conspiracy to possess marijuana and possession of marijuana while on a boat within the jurisdiction of the United States. A jury convicted Chisholm and his co-defendants of the conspiracy charge and the district court sentenced him to seventy-eight months in prison.

Chisholm appeals his conviction and sentence. He contends that the government presented insufficient evidence that he conspired to possess marijuana and that his sentence violated the Sixth Amendment.

## II.

Chisholm first contends that the district court wrongly denied his motion for judgment of acquittal. He argues that the government presented insufficient evidence that the marijuana was ever on the capsized boat or that he and his co-defendants entered into a conspiracy. He says that, because the marijuana was found a considerable distance from his capsized speedboat, it is just as likely that the garbage bags were dumped by another boat in the area. Chisholm additionally argues that the government presented insufficient evidence that he and his co-defendants entered into a conspiracy.

We "review the sufficiency of the evidence de novo to determine whether a reasonable jury could have concluded that the evidence established the defendant['s] guilt beyond a reasonable doubt." United States v. Brazel, 102 F.3d 1120, 1131 (11th Cir. 1997). We "view the evidence in the light most favorable to the government and make all reasonable inferences and credibility choices in the government's favor." Id.

Federal law makes it illegal for persons aboard vessels "within the jurisdiction of the United States" to possess controlled substances with the intent of distributing them. 46 U.S.C. app. § 1903(a). Federal law also proscribes conspiracies to violate § 1903(a). Id. § 1903(j). A defendant commits a § 1903(j) conspiracy if he agrees with two or more persons to knowingly and voluntarily possess a controlled substance with the intent to distribute it. United States v. Garate-Vergara, 942 F.2d 1543, 1547 (11th Cir. 1991). It is enough for the government to present circumstantial evidence to meet its burden. Id.

If the government can show that the defendant was a crew member of a boat which was heavily laden with drugs, the government bears only a "light" burden of presenting additional evidence that the defendant was a member of a drug conspiracy. See United States v. Cruz-Valdez, 773 F.2d 1541, 1547 (11th Cir. 1985). In such situations, evidence that the defendant was aboard a small vessel,

4

or a vessel that was not equipped to perform a legitimate commercial purpose, is sufficient to sustain a conspiracy conviction. See id.

In this case, the Coast Guard officer who investigated the debris testified that some of the same type of fuel barrels that were found in the debris field with the marijuana were also found stored in the capsized speed boat. He also testified, as an expert in drift patterns in the Windward Passage, that based on the where the marijuana was located in relation to the capsized boat, the drugs could not have come from anywhere other than Chisholm's boat. This is sufficient evidence for a jury to find beyond a reasonable doubt that the marijuana was on Chisholm's boat.

Moreover, the Coast Guard recovered from the debris field forty-six bales of marijuana weighing 1,900 pounds, with an approximate street value of $5.6 million. This is a significant amount of marijuana, especially given that Chisholm's speed boat was small (only thirty feet long) and not used for any commercial purpose. It would have been apparent to anyone on board.

The evidence was sufficient for a jury to conclude that Chisholm, by agreeing to be part of the crew, conspired with his boat mates to smuggle a large amount of drugs with an intent to distribute. See United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir. 1997) ("A jury is free to chose among the constructions

of the evidence.").  The government has met its "light" burden.  See Cruz-Valdez,

773 F.2d at 1547.

### III.

Chisholm also contends, for the first time on appeal, that his sentence

violated the Sixth Amendment as interpreted by the Supreme Court in Blakely v.

Washington, 542 U.S. ___, 124 S. Ct. 251 (2004), because the district court

enhanced his sentence based on facts not admitted or found by a jury beyond a

reasonable doubt.  Specifically, Chisholm challenges the enhancement based on

his being the captain of the capsized speed boat.

The Supreme Court in Blakely held that any fact, other than a prior

conviction, that increases a defendant's sentence beyond the maximum authorized

by a jury verdict must be admitted by the defendant or found by a jury beyond a

reasonable doubt.  After Chisholm filed his initial brief, the Supreme Court

extended the holding in Blakely to the federal sentencing guidelines in United

States v. Booker, 543 U.S. ___, ___, 125 S. Ct. 738, 764 (2005).

Chisholm did not raise his Blakely/Booker objection before the district

court.  Accordingly, our review is for plain error.  Under that standard, "[a]n

appellate court may not correct an error the defendant failed to raise in the district

court unless there is:  (1) error, (2) that is plain, and (3) that affects substantial

6

rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotations omitted), cert. denied ___ U.S. ___, 2005 WL 483174 (U.S. Jun 20, 2005). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotations omitted).

Assuming for the moment that the district court made a Booker constitutional error by enhancing Chisholm's sentence for operating a boat that was carrying drugs under U.S.S.G. § 2D1.1(b)(2), Chisholm has not demonstrated that this error affected his substantial rights. He points to no evidence in the record suggesting that the district court would not have enhanced his sentence had the federal sentencing guidelines been advisory. As we explained in Rodriguez, also a plain error case, "where the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected." Id. (citing Jones v. United States, 527 U.S. 373, 394–95, 119 S. Ct. 2090, 2105 (1999)).

Chisholm also has the same problem with regard to the district court's Booker statutory error. The district court erred by sentencing Chisholm under a mandatory guidelines regime. See United States v. Shelton, 400 F.3d 1325, 1300–31 (11th Cir. 2005). We have held that this error is plain. Id. at 1331. However, Chisholm has not identified anything in the record that would suggest a reasonable probability that the district court would have given him a lighter sentencing under an advisory guidelines regime. See id. at 1331–32. Thus, he has not shown that his substantial rights have been affected by this Booker statutory error.

Accordingly, Chisholm has not shown that the use of extra-verdict enhancements or that the mandatory application of the sentencing guidelines prejudiced his substantial rights. Therefore, he has not established plain error.

**AFFIRMED.**